PeaksoN, J..
The allegation of the defendant fhatlie holds ■a j udgment against his intestate, besides that upon the guardian bond, is not supported bjr proofs, and must be put out of the case.
"We have, then, this question: A principal becomes insolvent, and his sureties are forced to pay the debt; one of them afterwards gets into his hands a fund belonging to the jn'inci-pal, and, upon his death, by taking out letters of administration, acquires .the right to retain the fund, can he claim the whole benefit, or must he share with his co-surety?
Among co-sureties, “ equality is equity.” This is a well-settled principle, “Tf one surety, by any means, gets a fund belonging to the principal, he is not at liberty to take the entire benefit, but must share with his co-sureties; Barnes v. Pearson, 6 Ire. Eq. 482; Allison v. Davidson, 2 Dev. Eq. 19.
PeR CuriáM, Report confirmed, and decree for the amount reported.